Patrick Newton **GREEN**,
Plaintiff–Appellant

v.

George **STEPHENSON**, Defendant–
Appellee.

No. 13–31155
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

July 22, 2014.

Patrick Newton Green, Homer, LA, pro se.

John Christopher Guillet, Corkern, Crews & Guillet, L.L.C., Natchitoches, LA, for Defendant–Appellee.

Before JONES, BARKSDALE, and HAYNES, Circuit Judges.

PER CURIAM: *

Patrick Newton Green, Louisiana prisoner # 113219, proceeding *pro se* and *in forma pauperis,* appeals the summary-judgment dismissal of his action, filed pursuant to 42 U.S.C. § 1983, for his failure to exhaust administrative remedies, in violation of 42 U.S.C. § 1997e(a).

This court reviews a grant of summary judgment *de novo,* using the same stan-

dard as that employed by the district court. *E.g., Carnaby v. City of Hous.*, 636 F.3d 183, 187 (5th Cir.2011). Summary judgment is appropriate if the record discloses "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law". Fed. R.Civ.P. 56(a). "We may affirm the district court's judgment on any basis supported by the record." *United States v. Clay,* 408 F.3d 214, 218 n. 7 (5th Cir.2005) (citation omitted).

Before filing a § 1983 action against prison officials, a prisoner must exhaust his administrative remedies. 42 U.S.C. § 1997e(a). For that purpose, a Louisiana inmate must use the two-step, administrative-remedy procedure (ARP) to file a formal grievance. La. Admin. Code tit. 22, § 325(D)(1); *see Dillon v. Rogers,* 596 F.3d 260, 265–66 (5th Cir.2010). Exhaustion being mandatory, unexhausted claims may not be considered and "cannot be brought in court". *Gonzalez v. Seal,* 702 F.3d 785, 788 (5th Cir.2012) (citation and internal quotation marks omitted).

Green's first step of the ARP was stamped as received on 8 December 2011, the same day this § 1983 action was filed. Because Green filed this action before completing both steps of the ARP, he did not exhaust his administrative remedies.

AFFIRMED.